Filed 5/25/23  Haywood v. Sowemimo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JIMMY HAYWOOD, | B321249 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STRO07254) |
| v. | |
| AARON SOWEMIMO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Doreen B. Boxer, Temporary Judge.  Affirmed.

Aaron Sowemimo, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court issued a one-year civil harassment restraining order prohibiting Aaron Sowemimo (Sowemimo) from contacting or engaging in harassing conduct toward Jimmy Haywood (Haywood). Sowemimo attacks the restraining order on numerous grounds. Even if we ignore that the order has expired (which ostensibly renders this appeal moot), Sowemimo's arguments lack merit. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *Relationship between Haywood and Sowemimo*

Haywood and Sowemimo started out as coworkers. They developed some sort of personal relationship significant enough that Sowemimo bought a car for Haywood to use. In late winter and early spring 2021, they had a "falling out."

#### B. *Sowemimo's campaign of harassment prior to August 2021*

In the spring and summer of 2021, Haywood started receiving emails and text messages. On March 30, 2021, which was Sowemimo's birthday, Haywood received a text message from an unknown phone number, in which the sender expressed his "love" for Haywood and his "disappoint[ment]" that things ended "on [his] birthday," and promised that he did not "judge I'm not God."[1] Five weeks later, on May 5, 2021, Haywood received a text message from a second unknown number, urging him to "always remember that" "you reap what you sow" and calling

---

1    All errors in grammar, spelling, punctuation, and capitalization in the messages quoted herein appear in the exhibits of those messages.

2

Haywood's girlfriend "that bitch." Two weeks later, Sowemimo showed up to Haywood's residence unannounced to repossess the car he had loaned Haywood. On June 13, 2021, Haywood received a text message from a third unknown number warning that "KARMA comes After everyone eventually" and urging him to "Stay prayed up – karma is waiting for you soon." The next day, Haywood awoke to find a long scratch down the side of his girlfriend's car.

### C. *Haywood's first request for a civil harassment restraining order is denied*

The day after his girlfriend's car was vandalized, Haywood filed a request for a civil harassment restraining order against Sowemimo. The matter came on for hearing on August 31, 2021, but the trial court found that Haywood had "not sustain[ed]" his "burden of proof" and denied the request. The court nevertheless suggested that Sowemimo not contact Haywood.

### D. *Sowemimo resumes his campaign of harassment*

Hours after the trial court denied Haywood's petition, Haywood received a text message from a fourth unknown number saying, "I want to talk – to you. ?" Suspecting it was Sowemimo, Haywood responded, "You heard what the judge said if you continue to harass me I'll re-file." The sender then threatened to "call[] section 8 housing on you low income. For fraud," and repeatedly demanded to know if Haywood was "fucking her." On that day, Haywood had spent time in a complex of "section 8" low-income housing. In October 2021, Haywood received a flurry of calls from a fifth unknown phone number, including a voicemail stating, "I'm coming for your life." On Christmas Day of 2021, Haywood received a series of emails from an email address named after the serial killer in the *Halloween* movies, in which

the sender stated that Haywood "can run but . . . cannot hide," stated that he "will get my Hacker on that bitch yo girlfriend," gave a "last Warning im tell you now if you dont make this right somebody is going to get hurt," and threatened, "Today I'm going to teach you who to fear and how to fear, because you will fear me forever you and that BITCH.  MONEY,POWER,RESPECT  you going to put some respect on my name it's in the bible Mr. Haywwod remember that."  The next day, Haywood received an email from "Aaron Sowemimo" at a different email address that advised Haywood that "the biggest mistake you made [was] taking me to Court," told him that he "need to keep that girl on a Leash," promised "You're going to feel my Pain what you did to me," and threatened "hell know you going to pay when I destroy your life i promise you that put some recpect on my name its in the bible dude."

## II.    Procedural Background

The day after Haywood received the second Christmastime email, Haywood filed a second request for a civil harassment restraining order.  While represented by counsel, Sowemimo filed an opposition, and in it sought $4,500 in attorney fees.

The matter proceeded to a hearing on March 14, 2022.  In light of the denial of the prior request for a civil harassment restraining order on August 31, 2021, the trial court focused the parties on what had happened *after* that denial.

Both Haywood and Sowemimo testified.

Haywood frankly acknowledged that most of the emails, calls, and text messages came from unknown email addresses and phone numbers, but explained that Sowemimo was the sender (1) because the sender of the August 31 text message did not express surprise when Haywood mentioned the court hearing

4

earlier that day and also referred to the nearby section 8 housing that Sowemimo knew about, and (2) because the content of the messages—including the one with Sowemimo's name—was similar in tone, grammar, and punctuation. The trial court admitted these messages over Sowemimo's objection, reasoning that the "unique information" in the messages that only Sowemimo knew supported its finding that Sowemimo had sent them.

Sowemimo denied that he sent any of the emails or text messages.

The trial court found that Sowemimo's "testimony" was "not very convincing," and concluded that Haywood "has proven by clear and convincing evidence that [Sowemimo] has engaged in civil harassment." The court accordingly issued a one-year civil harassment restraining order requiring Sowemimo to stay more than 100 yards away from Haywood and his girlfriend, not to contact them, not to try to locate them, and not to "[h]arass, intimidate, molest, attack, strike, stalk, threaten, assault . . ., hit, abuse, destroy personal property of, or disturb [their] peace."

Sowemimo filed this timely appeal.

## DISCUSSION

On appeal, Sowemimo enumerates 29 reasons why, in his view, the trial court erred in issuing the civil harassment restraining order against him. These arguments can be grouped into four categories: (1) there is insufficient evidence to support the court's finding that *Sowemimo* was the person harassing Haywood, (2) the court erred in admitting evidence that was recorded without Sowemimo's consent, in violation of Penal Code section 632, (3) res judicata barred the court from issuing this

restraining order after denying Haywood's first request, and (4) the court did not otherwise "ensure a fair hearing."[2]

As a threshold matter, we note that this appeal appears to be moot. An appeal becomes moot when a reviewing court can no longer provide the appealing party with any effective relief. (*City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.) The restraining order on appeal before us now expired on March 14, 2023, so any relief we might grant overturning that order will have no effect because the order is already defunct. Despite its mootness, we will nevertheless exercise our discretion to address the merits of Sowemimo's appeal.

## I.   Sufficiency of the Evidence

A trial court may issue a civil harassment restraining order upon finding, by clear and convincing evidence, that "harassment" exists—that is, upon a finding of "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subds. (a)(1), (b)(3) & (i).) We review a trial court's decision to grant such an order for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, overruled on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.) Substantial evidence review is limited: We may not reweigh the evidence; instead, we may ask only whether the evidence in the record, when viewed as a whole and when resolving all

---

[2]    Sowemimo also makes several references to various real estate agent-related entities, but these references have no connection to the trial court record; we disregard them as irrelevant.

6

evidentiary and credibility conflicts in support of the court's order, supports that order.  (*In re Alexandria P.* (2016) 1 Cal.App.5th 331, 354; *Donovan v. Poway Unified School Dist.* (2008) 167 Cal.App.4th 567, 612.)

Substantial evidence supports the trial court's finding that Sowemimo made credible threats of violence toward Haywood and his girlfriend.  In a steady barrage of emails and text messages, Sowemimo gave Haywood a "Warning" that "somebody is going to get hurt" if Haywood did not "make this right"; Sowemimo told Haywood he would "teach" Haywood "who to fear and how to fear"; and Sowemimo promised that Haywood would "feel [his] Pain" and was "going to pay when [Sowemimo] destroy[s] [Haywood's] life."  This constitutes harassment.

Sowemimo's primary response is that *he* was not the sender of those emails and text messages.  But substantial evidence supports the trial court's contrary conclusion.  The August 31, 2021, text message refers to events (the restraining order hearing earlier that day) and locations (Haywood's presence in the section 8 housing) particularly within Sowemimo's knowledge.  The December 26, 2021, emails explicitly came from Sowemimo.  Most tellingly, all of the messages detailed above have strikingly similar content and style—they make veiled and not-so-veiled threats of violence, they allude to the Bible, they attack Haywood's girlfriend, and they contain similar grammatical and punctuation errors.  The similar content and style makes it entirely reasonable for the trial court to circumstantially infer that they came from the same person—namely, Sowemimo. (Accord, *People v. Cruz* (2020) 46 Cal.App.5th 715, 729 ["a writing may be authenticated by its contents and circumstantial evidence . . ."].)  Sowemimo points to the fact that he denied sending the

7

messages. However, the trial court explicitly found that Sowemimo's testimony was "not very convincing," and we are not in a position to second-guess the trial court's credibility determination. Sowemimo alternatively asks us to "reconsider[]" the trial court's ruling. Again, our task is to review the sufficiency of the evidence supporting the *trial court's* ruling, not to consider the issue as if *we* were sitting as the trier of fact in the first instance.

During oral argument, Sowemimo articulated two further reasons why, in his view, the trial court's ruling was not supported by substantial evidence—namely, (1) Haywood did not introduce business records confirming that the telephone numbers or email addresses used to contact him were registered to Sowemimo, and (2) the police had the opportunity to seek a protective order on Haywood's behalf, but elected not to do so. These arguments do not undermine the trial court's ruling. As to Sowemimo's first argument, our task is not to decide whether additional (and potentially more persuasive) evidence that *was not* presented would have supported the court's ruling; it is to decide whether the evidence that *was* presented constitutes substantial evidence, and we have concluded that it did. As to Sowemimo's second argument, the action or inaction of the police does not undercut the sufficiency of the evidence presented to the trial court.

## II.    Consideration of Inadmissible Evidence

Penal Code section 632 declares any recorded "confidential communication" to be inadmissible "in any judicial . . . proceeding" unless all parties to that communication consented to its recording. (Pen. Code, § 632, subds. (a) & (d).) Notwithstanding this bar, a person *may* record—and thereafter

8

admit into evidence—communications "reasonably believed to relate to the commission . . . of . . . any felony involving violence against the person . . . ." (*Id.*, § 633.5.) We review a trial court's admission of evidence for an abuse of discretion. (*People v. Flores* (2020) 9 Cal.5th 371, 409.)

The trial court did not abuse its discretion in admitting any of the evidence it relied upon. The exhibits the court specifically admitted and relied upon in finding that Haywood had been "harassed" consisted of text messages, emails, and a single voicemail message. The text messages and emails do not run afoul of Penal Code section 632 because they are not "recorded" confidential communications. And the voicemail, while a recorded communication, was not recorded without Sowemimo's consent: The whole point of *leaving* a voicemail is to leave a recording of a voice message for the recipient to listen to later; it is impossible *not* to consent to the voluntary recording of a voicemail. Further, Sowemimo's voicemail was "reasonably believed to relate to the commission" of felonies involving violence against Haywood.

## III. Res judicata

The doctrine of res judicata bars a party from relitigating an issue that was already finally decided by a court. (*Kim v. Reins Internat. Cal., Inc.* (2020) 9 Cal.5th 73, 91.) But that doctrine "does not bar a later claim if new facts or changed circumstances have occurred since the prior decision." (*Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.* (2014) 231 Cal.App.4th 134, 179.) Here, the trial court was careful to ensure that the factual basis for its order rested on events occurring *after* the prior denial of a civil harassment restraining order on August 31, 2021; the court considered the content of a few pre-August 31,

9

2021, messages only as further proof that Sowemimo was the author of the post-August 31, 2021, messages that constituted the actionable harassment.  Thus, the order is not barred by res judicata.

## IV.   Lack of a Fair Hearing

Sowemimo summarily asserts that he was denied a "fair hearing" before the trial court.  He provides no explanation of why, and cites no case law in support of this assertion.  As such, he has waived this argument.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [absent argument and citation to legal authority, appellate courts ""treat the point as waived""].)  And even if we ignore that waiver, the record indicates that Sowemimo's hearing was fair.  He appeared with counsel, cross-examined Haywood, objected to some of Haywood's evidence, elicited his own testimony and evidence, and presented argument to the court.  The fact that the court ultimately ruled against him does not mean the hearing was not fair; if that were enough, every hearing would be unfair to the losing party and every appeal would result in a reversal and a retrial.  That is obviously not how it works.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
CHAVEZ


_____, J.*
KWAN

---

\*      Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.